UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAROLYN POLI,

        Plaintiff,

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.

        Involuntary Plaintiff,

                                      Case No. 24-cv-0840-bhl

    v.

MEIJER STORES LIMITED PARTNERSHIP d/b/a
MEIJER, INC., MEIJER, INC, MEIJER, INC.
SUBSIDIARIES & AFFILIATES, and ABC INSURANCE
COMPANY,

        Defendants.

## ORDER DENYING JOINT MOTION FOR PROTECTIVE ORDER

        In this personal injury case, Plaintiff Carolyn Poli is suing Meijer, Inc. and related entities for injuries sustained when she slipped and fell while shopping at a Meijer store. (ECF No. 1-1 ¶8.) On December 20, 2024, the parties jointly moved for entry of a protective order. (ECF No. 22.) Contrary to Civil Local Rule 26(e) and Seventh Circuit law, the parties did not provide an affidavit or other evidence in support of their motion, nor did they stipulate to any facts establishing good cause for the entry of a protective order. In their motion, the parties simply state that "Defendant's responses to Plaintiff's request for production of documents will contain trade secrets, confidential research development, and/or commercial information that the parties agree needs to be protected," and that documents to be produced by Meijer "contain proprietary and confidential information that the parties agree should be kept confidential." (*Id.* ¶¶3, 5.) The parties' joint motion also incorrectly indicates that a "Stipulated Proposed Order" was attached, (*id.* ¶1), but no attachment was filed.

        The Court cannot grant a protective order in the absence of affidavits or other evidence establishing good cause for issuance of the order. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30

F.3d 854, 858–59 (7th Cir. 1994); *see also* Civil L.R. 26(e)(1) ("All motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause."). Assertions made in a motion are not evidence and cannot, under Seventh Circuit law, support a finding of good cause. "In the context of a motion for protective order . . . the *ipse dixit* of counsel will not suffice." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006). An affidavit or an unsworn declaration under penalty of perjury, see 28 U.S.C. §1746, setting forth the factual basis for the order is required. Alternatively, the parties may stipulate to facts establishing good cause, but the stipulation must set forth *specific facts* and be signed by all parties.

The Court is also skeptical of the arguments set forth in the parties' joint motion. This is a straightforward personal injury case that seems unlikely to require the exchange of sensitive information. The Court questions the parties' conclusory assertion that Meijer will be required to produce "confidential research development" and "trade secrets" in discovery. If the parties wish to agree not to voluntarily disclose information exchanged in discovery, they are entitled to do so. *See Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009). If they wish the Court to enter a protective order, they must provide evidence establishing good cause to do so. Generalized statements that confidential information will be exchanged will not suffice. If the parties choose to renew their motion, they should also attach their proposed order for the Court's consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Protective Order, ECF No. 22, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on January 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge