UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAROLYN POLI,

                Plaintiff,

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.

                Involuntary Plaintiff,

                                        Case No. 24-cv-0840-bhl

      v.

MEIJER STORES LIMITED PARTNERSHIP d/b/a
MEIJER, INC., MEIJER, INC, MEIJER, INC.
SUBSIDIARIES & AFFILIATES, and ABC INSURANCE
COMPANY,

                Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL

      In this personal injury case, Plaintiff Carolyn Poli is suing Meijer, Inc. and related entities for injuries sustained when she slipped and fell while shopping in the Garden Center at a Meijer store. (ECF No. 1-1 ¶8.) On March 3, 2025, Poli filed an expedited motion to compel discovery responses and for sanctions. (ECF No. 25.) Poli seeks surveillance video of the incident and unredacted incident reports from similar incidents that have occurred at Meijer Garden Centers within the past five years. (*Id.* at 2–3.) Poli also requests that the Court order Meijer to allow her "to inspect the Origami system relating to this incident." (*Id.* at 4.) Meijer opposes the motion on grounds that Poli is not entitled to its customers' contact information and that no video of the incident exists. (ECF No. 34.) For the reasons below, the Court will grant Poli's motion only as to her request to receive unredacted incident reports from similar incidents. All other requests for relief are denied.

      Poli first seeks to compel Meijer to produce surveillance video of the incident. (ECF No. 25 at 2–3.) She primarily argues that Meijer should be required to produce the video because an incident report related to the accident states that her fall occurred "within range of a surveillance

camera." (*See* ECF No. 28-2.) Poli also argues that she spoke with a claims adjustor for Meijer who informed her that Meijer had video footage of the incident. (ECF No. 27 ¶3.) Meijer insists it has not produced video of the incident because no video exists. According to Meijer, there was no camera at the Garden Center that could have captured the incident. (ECF No. 34 at 2–3.) Meijer cites the deposition testimony of Charles Fields, its Rule 30(b)(6) corporate representative, who testified that Poli's fall was not in fact captured on video. (ECF No. 28-13 at 23–26.) Meijer also notes that Jose Rodriguez, the employee who wrote the incident report, testified at his deposition that he had merely assumed there was a camera within range that captured the incident. (ECF No. 28-15 at 25.) And, Meijer notes that Linda Antor, the claims adjustor with whom Poli spoke, testified that she did not remember telling Poli that video of the incident existed. (ECF No. 28-16 at 24–25.) On this record, the Court cannot grant Poli's motion; the Court cannot compel production of a video that does not exist. Meijer has provided evidence confirming that there is no video of the incident. If further evidence comes to light suggesting otherwise, Poli may renew her motion.

Poli also seeks unredacted incident reports of falls occurring at Meijer Garden Centers within the previous five years. (ECF No. 25 at 3.) Meijer asserts that it is willing to provide Poli with redacted incident reports and any available photographs but seeks to redact the personal contact information of non-party customers contained in those reports, arguing that production of its other customers' contact information is unreasonable, unduly burdensome, and potentially harmful to Meijer's business interests. (ECF No. 34 at 1–2.) Meijer contends that allowing Poli access to this information would "upend personal injury litigation as we know it." (*Id.* at 2.) The Court is sensitive to the privacy concerns of third parties, but Meijer overstates the breadth of Poli's request. She is not seeking "unchecked access to [Meijer's] customers," (*see id.* ), but rather incident reports containing basic contact information (name, address, telephone number) for a small number of customers who suffered falls similar to hers within the last five years. Evidence of similar incidents may be relevant to proving Meijer's negligence. *See Mihailovich v. Laatsch*, 359 F.3d 892, 906–07 (7th Cir. 2004). And Poli may, within reason, "obtain discovery regarding any nonprivileged matter that is relevant to [her] claim." Fed. R. Civ. P. 26(b)(1). Moreover, it is the objecting party's burden "to show why a particular discovery request is improper." *EEOC v. Klockner H & K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citing *Powerlock Sys., Inc. v. Duo-Lok, Inc.*, 54 F.R.D. 578, 579 (E.D. Wis. 1972); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2173 at 543–44 (1970)). Meijer has not done so here.

It cites to two district court cases involving requests for personnel files, *Gove v. Sargento Foods, Inc.*, No. 18-cv-1335-pp, 2023 WL 2652627 (E.D. Wis. Mar. 27, 2023) and *Johnson v. Franklin Township Community School Corp.*, No. 19-cv-02479-JRS-MPB, 2020 WL 12178044 (S.D. Ind. June 22, 2022), but in both cases the courts concluded the requests at issue were overbroad and sought materials of questionable relevance to the plaintiffs' claims. Meijer has not established that producing the unredacted documents at issue would be sufficiently burdensome or otherwise inappropriate. Accordingly, the Court will order Meijer to produce unredacted incident reports from falls occurring at Meijer Garden Centers within the past five years. If Meijer wishes to protect its customers' information, it may move for entry of a protective order, limiting use of the disclosed materials to the purposes of this litigation. For now, however, the motion to compel is granted.

Poli's other requests for relief will be denied. She asks to inspect Meijer's "Origami system," (ECF No. 25 at 4), but provides little detail as to what the system is or why allowing her to inspect Meijer's computer system would be appropriate. That request is therefore denied. The title of her motion also indicates that she seeks sanctions against Meijer, but the motion itself contains no argument about what sanctions are requested or why they are appropriate. Given these failures, the Court cannot order sanctions. Indeed, nothing in the filings suggests sanctions would be appropriate in any event. Finally, Poli requests that the Court order Meijer to "search for any video surveillance" and provide evidence about its video preservation procedures. (*Id.*) This request will also be denied. Fields's Rule 30(b)(6) deposition testimony clearly lays out Meijer's video preservation procedures and establishes that Fields searched for video and found that none exists. The Court will not order further relief beyond the Rule's requirements.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Carolyn Poli's Motion to Compel and Motion for Sanctions, ECF No. 25, is **GRANTED in part** and **DENIED in part**. Defendants are ordered to provide Poli with unredacted incident reports from falls occurring at Meijer Garden Centers within the last five years. All other requested relief is denied.

Dated at Milwaukee, Wisconsin on April 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge